UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GUSTAVO ISAAC DELEON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JERRY HOWELL, *et al.*,<br><br>　　　　　　　Defendants. | Case No.  2:21-cv-00588-JAD-NJK<br><br>ORDER |

　　　　This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner.  In compliance with this Court's order, Plaintiff has submitted an application to proceed in district court without prepaying fees or costs following his release from prison.  Docket Nos. 10, 11.  Based on the financial information provided, the Court grants Plaintiff leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1).[1]

　　　　The Court entered a screening order on May 23, 2022.  Docket No. 12.  The screening order imposed a stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator.  Docket Nos. 12, 14.  The parties participated in a mediation conference, but they did not reach a settlement.  Docket No. 16.

　　　　For the foregoing reasons, **IT IS ORDERED** that:

　　　　1.　　Plaintiff's application to proceed in district court without prepaying fees or costs, Docket No. 11, is **GRANTED**.

　　　　2.　　Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

　　　　3.　　The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's amended complaint, Docket No. 7, on the Office of the Attorney General of the State

---

[1]　Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute.  *See* 28 U.S.C. § 1915(h).

of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

4. Service must be perfected no later than December 29, 2022, pursuant to Fed. R. Civ. P. 4(m).

5. Subject to the findings of the screening order, Docket No. 12, no later than October 21, 2022, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

6. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint, Docket No. 7, no later than November 29, 2022.

8. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If

counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

9. This case is no longer stayed.

DATED: September 30, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE