UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gustavo Isaac Deleon,<br><br>    Plaintiff<br>v.<br><br>Jeremy Myers,<br><br>    Defendants | Case No.: 2:21-cv-00588-JAD-NJK<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 31] |

Plaintiff Gustavo Isaac Deleon is an inmate housed at the Nevada Department of Correction's (NDOC) Southern Desert Correctional Center (SDCC).  Deleon was seriously injured in an accident involving a broken toolbox while working on the prison-maintenance crew.  He theorizes that an NDOC facilities supervisor named Jeremy Myers was supervising the work that day and directed Deleon to retrieve the heavy toolbox through Myers knew it was broken.  Deleon sues Myers in his official capacity, claiming violations of his state and federal constitutional rights.[1]  Because Myers has shown his entitlement to summary judgment based on Eleventh Amendment immunity, I grant his motion and close this case.

**Background**

On October 21, 2019, Deleon, NDOC electrician Don Ferguson, and another inmate were working together on the prison-maintenance crew.  Deleon alleges that Ferguson—following orders from NDOC facilities supervisor Jeremy Myers and another prison official—told Deleon to stand on an old desk to lower a large broken toolbox to the floor.[2]  Deleon further alleges that

---

[1] Deleon initially sued several prison officials, Indian Springs Nevada, and Clark County, but the claims against those defendants were dismissed in prior orders, leaving only the claims against Myers.

[2] *Id.* at 4, 9.

Myers knew that this toolbox was broken and could cause an injury and, despite multiple complaints, the box was never replaced.[3]  Deleon alleges that Ferguson and Myers discussed the fact that the broken toolbox was dangerous, but they decided to keep using it anyway.[4]  When Deleon and the other inmate tried to bring down the broken toolbox, it fell on Deleon, cutting open his hand and arm[5] and severing tendons and nerves, necessitating emergency surgery.[6]

Deleon sues Myers in his official capacity and alleges claims of cruel and unusual punishment under the Eighth Amendment and Article 1, Section 6, of the Nevada Constitution. Myers moves for summary judgment on both of Deleon's claims, arguing that (1) he was unaware that the toolbox was broken and (2) these claims are barred by Eleventh Amendment immunity.  The deadline to respond to that motion expired months ago, and Deleon neither responded nor moved to extend his deadline to do so.

**Discussion**

**A.    Summary-judgment standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7]  The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without

---

[3] *Id.*

[4] *Id.*

[5] *Id.* at 12.

[6] *Id.* at 13.

[7] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56.  *See* Fed. R. Civ. P. 56(a).

consequences.[8] As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[9]

**A.  The Eleventh Amendment bars Deleon's claims against Myers.**

Myers contends that he is immune from Deleon's official-capacity claims because Nevada has not waived its Eleventh Amendment immunity.[10] The Eleventh Amendment prohibits federal courts from hearing suits brought by citizens against state governments and their agencies absent the state's consent to suit or congressional abrogation of a state's immunity from a specific statute.[11] And a suit against a state actor in his official capacity is merely an alternative way to sue the state itself, so this immunity extends to official-capacity suits against state employees.[12] Nevada has expressly retained its Eleventh-Amendment immunity through Nevada Revised Statute (NRS) § 41.031(3), and the Ninth Circuit has repeatedly held that Nevada and its agencies are immune from § 1983 actions in federal court.[13] So Deleon's § 1983 claim against Deleon in his official capacity is barred by immunity and must be dismissed.

---

[8] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

[9] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

[10] ECF No. 31 at 15.

[11] See U.S. Const. Amend. XI; *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

[12] *See Hartman v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (cleaned up).

[13] *See Carey v. Nevada Gaming Control Bd.*, 279 F.3d 873, 877 (9th Cir. 2002); *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (Eleventh Amendment barred § 1983 claims against Nevada agency); *Sierra Club v. United States EPA*, 939 F.3d 649, 677 (9th Cir. 1991) (same).

The same also holds true for Deleon's state-law claim. While NRS 41.031(1) permits tort suits against the state, it allows such suits only in state court.[14] And while removing an action from state to federal court can waive this immunity,[15] this case was not removed. I thus find that Deleon's state-law claim against Myers in his official capacity is barred by the Eleventh Amendment. Because I grant summary judgment on all claims for this reason, I do not reach Myers's remaining arguments.

**Conclusion**

IT IS THEREFORE ORDERED that Myers's motion for summary judgment **[ECF No. 31] is GRANTED. The Clerk of Court is directed to ENTER JUDGMENT in favor of this remaining defendant and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
December 18, 2023

---

[14] *See Carey*, 279 F.3d at 877 (recognizing that "Nevada's waiver of sovereign immunity only gives Nevada's consent to suits in its own courts") (internal quotations and citations omitted).

[15] *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002).